47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard A. STUBBS, Richard P. Duffield, Jr., Defendants-Appellants.
 Nos. 94-3649, 94-3650.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1995.
 
 Before: MERRITT, Chief Circuit Judge; BROWN and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellants appeal the sentences imposed on them by the United States District Court for the Southern District of Ohio, after being convicted on various charges surrounding the illegal importation of endangered species from Nigeria. For the following reasons, we affirm the sentences imposed by the district court.
 
 I.
 
 2
 This Court's earlier decision in this case, affirming the convictions of both defendants in their first appeal, sets forth a detailed factual account of this case. United States v. Stubbs, 11 F.3d 632, 634-37 (6th Cir.1993). We accept that factual account and need not repeat it here.
 
 II.
 
 3
 After a jury trial, defendants-appellants, Richard A. Stubbs and Richard P. Duffield, Jr., were convicted on various counts related to the illegal importation of baby crocodiles from Nigeria to the United States. In this appeal both appellants claim that the district court erred in its calculation of the market value of the imported baby crocodiles, and therefore erred by increasing their base offense levels by one level each. Appellant Stubbs also argues that the court erred in finding that he was an organizer, leader, manager or supervisor of the offense, and therefore improperly increased his base offense level by two. Finally, Stubbs argues that his sentence violates his due process rights because the district court relied on erroneous factual determinations.
 
 
 4
 We conclude, first, that the district court's factual determination that the total value of the crocodiles was in excess of $2,000 was not clearly erroneous. This Court reviews a sentencing court's interpretation of guidelines de novo, but must uphold a sentencing court's factual findings unless they are clearly erroneous. United States v. Ivery, 999 F.2d 1043, 1045 (6th Cir.1993) (citing United States v. Morrison, 983 F.2d 730 (6th Cir.1993)). The sentencing court's factual findings must be supported by a preponderance of the evidence. Ivery, 999 F.2d at 1045. There is sufficient evidence in the record to support the district court's finding by a preponderance of the evidence that forty-seven of these baby crocodiles were illegally imported. Several witnesses testified at trial that each baby crocodile could range in price from $125 to $375. Further evidence in the record reveals that defendants-appellants expected to realize between $75 and $150 for each crocodile. At these prices, the minimum total value of the crocodiles would have been in excess of $3,500. Consequently, the sentencing judge correctly increased appellants' offense level by one level pursuant to U.S.S.G. Sec. 2Q2.1(b)(3)(A).
 
 
 5
 Appellant Stubbs next contests the district court's finding that Stubbs acted as an organizer, leader, manager, or supervisor in the criminal offense. On remand, this Court instructed the district court that in order to impose a four-level increase based on Stubbs's being an organizer or leader of a criminal activity that involved five or more persons pursuant to U.S.S.G. Sec. 3B1.1(a), the court would need to make specific factual findings as to the identity of the persons involved in the activity. Stubbs, 11 F.3d at 641. In resentencing Stubbs, the district court did not impose the four-level increase. Rather, the court imposed only a two-level increase, concluding that the evidence demonstrated by a preponderance that Stubbs was a leader, organizer, manager or supervisor of the criminal offense as described by U.S.S.G. Sec. 3B1.1(c), which does not require the participation of five or more individuals. The district court cited as evidence of Stubb's role in the offense (1) Stubbs's 50% ownership of the business, (2) the fact that it was he who shipped the baby crocodiles from Nigeria, and (3) the fact that he was the one who instructed defendant Duffield about what to do when the crocodiles arrived in Columbus. Pursuant to its finding and U.S.S.G. Sec. 3B1.1(c), therefore, the sentencing court correctly enhanced Stubbs's offense level by two levels.
 
 
 6
 Finally, we hold that Stubbs's due process argument is frivolous. As we understand this argument, Stubbs claims that since the district court got the facts wrong, it violated his due process rights. That argument lacks any kind of foundation. And, as we have held, the district court did not get the facts wrong.
 
 III.
 
 7
 Based on the foregoing, the sentences of both defendants are AFFIRMED.